UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE, VACATION, AND APPRENTICE FUNDS, et al., <br><br> Plaintiffs <br><br> v. <br><br> THE REBOCK CORP., et al., <br><br> Defendants. | Civil No. 10-3655 (NLH) <br><br> **MEMORANDUM & ORDER** |

**HILLMAN, District Judge**

This matter having come before the Court on the Motion of Plaintiffs, International Union of Painters and Allied Trades District Council 711 Health & Welfare, Vacation, and Apprentice Funds (hereinafter "Funds"), and Harry J. Harchetts, the Trustee and Fiduciary for the Funds, seeking default judgment on their claims against Defendants, The Rebock Corp. and Jeffrey Rebock, regarding unpaid contributions to the Funds and failure to furnish "remittance reports"; and

Plaintiffs averring that they are entitled to $11,405.79 in damages, including interest, liquidated damages, and attorneys' fees and costs; and

29 U.S.C. § 1145 of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. § 1001 et seq.,

providing: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement," 29 U.S.C. § 1145; and

29 U.S.C. § 1132(g)(2) of ERISA providing that when an employer violates Section 1145, the court shall award the plaintiff the unpaid contributions, interest on those unpaid contributions, liquidated damages, and reasonable attorneys' fees and costs, 29 U.S.C. § 1132(g)(2); and

Federal Rule of Civil Procedure 55 providing that obtaining a default judgment is a two-step process –- first, when a defendant has failed to plead or otherwise respond, a plaintiff may request the entry of default by the Clerk of the Court, Fed. R. Civ. P. 55(a), and second, after the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court, Fed. R. Civ. P. 55(b); and

Plaintiffs having requested the entry of default by the Clerk, and the Clerk having entered default on August 27, 2010; and

Plaintiffs having filed a motion for default judgment pursuant to Rule 55(b); and

The Court noting that "entry of a default judgment is left primarily to the discretion of the district court," <u>Hritz v. Woma Corp.</u>, 732 F.2d 1178, 1180 (3d Cir. 1984), and "that the party making the request is not entitled to a default judgment as of right," <u>Franklin v. Nat'l Maritime Union</u>, No. 91-480, 1991 WL 131182, at * 1 (D.N.J. July 16, 1991) (citation and internal quotation marks omitted); and

The Court finding that because Defendants have failed to appear and respond to Plaintiffs' charges in this matter, Defendants are deemed to have admitted the conduct alleged in Plaintiffs' Complaint, *see* <u>Comdyne I. Inc. v. Corbin</u>, 908 F.2d 1142, 1149 (3d Cir. 1990) ("A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." (citation and internal quotation marks omitted)); and

The Court finding that Plaintiffs would be prejudiced if denied default judgment because they have no other means of vindicating their claims against Defendants, who have not responded, submitted any meritorious defenses, or otherwise offered any excusable reasons for their default, *see* <u>Peterson v.</u>

Boyarsky Corp., No. 08-1789, 2009 WL 983123, at * 4 (D.N.J. Apr. 8, 2009); and

The Court finding that, through the declaration of their counsel and accompanying documentation, Plaintiffs set forth the contributions and other expenses owed by Defendants, including the amounts of interest and liquidated damages determined by the terms of the documents and instruments governing the Funds, for a total of $8,302.89, see Trucking Emples. of N. Jersey Welfare Fund, Inc. v. M.J. Paquet, Inc., No. 08-2810, 2009 WL 1351642, at * 3-4 (D.N.J. May 14, 2009) (noting that quantum of damages may be established without further proof if the amount of damages are liquidated or discernible by mathematical computation); and

The Court finding that Plaintiffs provide documentation supporting their claim for attorneys' fees and costs, for a total of $3,102.90; and

The Court finding that Plaintiffs are entitled to judgment in their favor on all the claims and damages set forth in their Complaint and Motion for Default Judgment;

Accordingly,

**IT IS HEREBY** on this 10th day of February, 2011

**ORDERED** that Plaintiffs' Motion for Default Judgment [Doc. 9] is **GRANTED**; and it is further

4

**ORDERED** that, pursuant to Fed. R. Civ. P. 55(b), Plaintiffs are awarded the judgment of default in the amount of $11,405.79; and it is further

**ORDERED** that this Court shall retain jurisdiction over the enforcement and continued litigation of this matter for sixty (60) days.

At Camden, New Jersey

    s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.